UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIANA GONZALEZ,

                Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C16-06030BHS

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 23 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Diabetes, high cholesterol, obesity, migraines, blood clots, vertigo, depression, and lasting impairments from a stroke

Disability Allegedly Began: December 4, 2012

Principal Previous Work Experience: Paraeducator and grocery store courtesy clerk

Education Level Achieved by Plaintiff: High school diploma

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Gordon W. Griggs:

    Date of Hearing: May 6, 2015; hearing transcript AR 39-75

    Date of Decision: June 15, 2015

    Appears in Record at: AR 19-33

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since December 4, 2012, the alleged onset date. The claimant has the following severe impairments: status post pontine/cerebellar stroke with residual dizziness, nausea, headaches, and left-side weakness; obesity; and diabetes mellitus, type I. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except the claimant can frequently climb ramps and stairs but can never climb ladders, ropes, or scaffolds. She can frequently balance, kneel, and crouch, and she can occasionally stoop and crawl. The claimant is limited to frequent handling, fingering, and feeling with the non-dominant left arm. She is limited to occasional exposure to very loud noise levels and very bright light, such as light brighter than a typical office environment. She is further limited to occasional exposure to hazardous conditions, such as proximity to moving machinery and unprotected heights.
>
> The claimant is unable to perform any past relevant work. Considering the claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from December 4, 2012, through the date of the decision.

Before Appeals Council:

    Date of Decision: October 28, 2016

Appears in Record at: AR 1-6

Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

# V. EVALUATING DISABILITY

The claimant, Juliana Gonzalez ("Gonzalez"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

# VI. ISSUES ON APPEAL

1. Did the ALJ err in evaluating the medical evidence in the record?
2. Did the ALJ err in assessing Gonzalez's testimony?
3. Did the ALJ err in assessing the lay witness testimony in the record?

## VII. DISCUSSION

Gonzalez appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal. Dkt. 17. The Court addresses the alleged errors in turn.

**A.  Medical Evidence**

Gonzalez argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 17 at 3-7. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Id*. at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

**1.  Andrew Huffer, M.D.**

Gonzalez argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Andrew Huffer, M.D. *See* Dkt. 17 at 4-7. The Court disagrees.

On February 3, 2015, Dr. Huffer completed a physical limitation questionnaire. *See* AR 782-84. Dr. Huffer found that, among other limitations, Gonzalez could not climb, kneel, crouch, or crawl and could not use her left arm or left leg for pushing or pulling, including operation of foot controls. *See id.* Dr. Huffer opined that Gonzalez would need one ten-minute break per hour and would be absent twice per month as a result of her impairments. *See id.* The ALJ gave Dr. Huffer's opinion limited weight, incorporating some limitations into the RFC but discounting the severity of other limitations because they conflicted with Dr. Huffer's contemporaneous treatment notes. *See* AR 29.

An ALJ need not accept the opinion of even a treating physician if that opinion is inadequately supported by clinical findings. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Specifically, a discrepancy between a physician's functional assessment and that physician's clinical notes, recorded observations, and other comments regarding a claimant's capabilities "is a clear and convincing reason for not relying" on the assessment. *See Bayliss*, 427 F.3d at 1216. Here, Dr. Huffer's treatment notes on February 3, 2015, indicate that Gonzalez had full strength in all extremities, normal bulk and tone, and normal gait. *See* AR 832. Therefore, substantial evidence supports the ALJ discounting the severity of the limitations to which Dr. Huffer opined because of their inconsistency with his clinical findings.

**2.     Other Medical Opinions**

Gonzalez broadly argues that the ALJ erred by giving greater weight to the opinion of Kyra Becker, M.D., than to the more restrictive opinions of Claire Creutzfeldt,

M.D., and Sara Schepp, M.D. *See* Dkt. 17 at 3-4. However, Gonzalez fails to address the ALJ's specific reasons for discounting the opinions of Dr. Creutzfeldt and Dr. Schepp. *See id.*; *see also* AR 28-29; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed). Gonzalez argues that Dr. Huffer's opinion should have been given greater weight than Dr. Becker's opinion because it was offered more than a year later and contained a more specific description of Gonzalez's functionality. *See* Dkt. 17 at 5, 7. However, as described above, the ALJ provided a sufficient reason to discount several of the specific limitations to which Dr. Huffer opined. *See supra* § VII.A.1. Therefore, the ALJ did not err in evaluating the medical evidence.

**B.     Gonzalez's Testimony**

Gonzalez argues that the ALJ erred in evaluating her testimony regarding the effects of her vertigo. *See* Dkt. 17 at 8-10. The Court agrees.

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Unless affirmative evidence shows the claimant is malingering, an ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834.

Here, Gonzalez alleged that she continued to experience vertigo and dizziness as residual symptoms of her stroke. *See* AR 49, 52, 270, 279. She stated that these symptoms could be brought on by walking, head movement, or rolling over in bed and resulted in nausea and vomiting. *See* AR 52, 277. Gonzalez stated that her dizziness

would impact her ability to attend work on a regular basis. *See* AR 63. Gonzalez also reported impaired functioning in her left hand due to her stroke. *See* AR 50, 280.

The ALJ primarily discounted Gonzalez's testimony because her complaints were not substantiated by the objective medical evidence. *See* AR 28. However, a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (*en banc*)) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in *Bunnell* was couched in terms of subjective complaints of pain, its reasoning extended to claimant's non-pain complaints as well). The Ninth Circuit found that to allow otherwise "'would render meaningless' the requirement that" the ALJ "consider all relevant evidence," not just that which is medical. *Bunnell*, 947 F.2d at 347 (citation omitted).

The ALJ in fact stated in his opinion that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must make a finding on the credibility of the statements based on a consideration of the entire case record." AR 23-24. Therefore, the ALJ erred by failing to provide any reason to discount Gonzalez's

testimony other than an alleged inconsistency between that testimony and the medical evidence.[1]

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id*. The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id*. (quoting *Carmickle*, 533 F.3d at 1162) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id*. at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited Gonzalez's testimony, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert.

---

[1] In the course of discussing how the objective medical evidence did not support the limitations to which Gonzalez testified, the ALJ noted that Gonzalez made "good progress" in physical therapy and was active in volunteering, working out, and traveling before her mother passed away. *See* AR 28. Even were to the Court to infer that the ALJ here provided distinct reasons to discount Gonzalez's testimony, the reasons are not specific, legitimate, and supported by substantial evidence. The "good progress" in Gonzalez's grip strength cited by the ALJ is not sufficiently specific to be necessarily inconsistent with Gonzalez's testimony regarding her remaining limitations, and it is further undermined by later medical reports noting weakened grip strength. *See* AR 460, 666. Moreover, the progress cited has no bearing on Gonzalez's testimony regarding her dizziness and nausea. The medical reports cited by the ALJ describing Gonzalez's activities in fact support Gonzalez's testimony. *See* AR 470, 656 (stating that use of the elliptical machine "currently causes dizziness and nausea").

As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, this error affected the ultimate disability determination and is not harmless.

**C.    Lay Witness Evidence**

Gonzalez argues that the ALJ erred in evaluating the lay witness testimony of her mother. *See* Dkt. 17 at 10-12. The Court agrees.

The Commissioner argues that Gonzalez's mother testified to the same limitations to which Gonzalez testified, and when that occurs, the ALJ's valid reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony. *See* Dkt. 18 at 7. However, as described above, the ALJ did not provide a valid reason for discounting Gonzalez's testimony. *See supra* § VII.B. Therefore, the ALJ must re-evaluate the lay witness testimony on remand as well.

**D.    Scope of Remand**

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts between the medical evidence and other testimony over Gonzalez's functional capabilities and her ability to perform work despite any additional functional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Gonzalez disability benefits is **REVERSED AND REMANDED**.

Dated this 24th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge